J-S48041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER DARNELL YOUNG, SR. | |
| Appellant | No. 423 WDA 2015 |

Appeal from the PCRA Order of February 24, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No.: CP-11-CR-0000789-2001

BEFORE:  PANELLA, J., DONOHUE, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                **FILED AUGUST 11, 2015**

Christopher Darnell Young, Sr., appeals the February 24, 2015 order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court summarized the procedural history of this case as follows:

> Following a two and a half day jury trial and a day and a half of deliberations that occurred from March 28, 2002 through April 2, 2002, Young was convicted of one count of criminal conspiracy, and two counts each of delivery of a controlled substance, and possession of a controlled substance[1].  The charges against Young resulted from two controlled buys conducted on April 25 and 26, 2000, by the Cambria Country Drug Task Force (Task Force) using a confidential informant, Charles Wested (Wested). Young was sentenced on May 30, 2002, to an aggregate sentence of six (6) to [twenty] years['] incarceration in a state correctional institution, to pay fines totaling thirty thousand dollars ($30,000), to pay restitution of seven hundred and twenty five dollars ($725), and to pay the costs of prosecution.

> [1] 18 Pa.C.S.A. § 903, 35 P.S. § 780-113(a)(30), and 35
> P.S. § 780-113(a)(16)[,] respectively.

Following his sentence[,] Young directed his trial attorney, John Kasaback, Esq. (Kasaback), to file an appeal. Kasaback filed a timely Notice of Appeal but failed to comply with the trial court's order to file a Concise Statement of [Errors] Complained of on Appeal (Concise Statement) pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The Superior Court dismissed Young's appeal for failure to comply with the Rules of Appellate Procedure. *Commonwealth v. Young*, 1639 WDA 2002 (Pa. Super. 2002). Young then filed a [motion to reinstate his direct appellate rights] with [the trial court] due to Kasaback's failure to perfect the first appeal. Young's Motion was granted and Maureen McQuillan, Esq. was appointed to serve as counsel on Young's appeal.

McQuillan filed a timely Notice of Appeal and [Concise Statement] raising seven (7) issues. In his appeal brief[,] Young reduced the number of issues to three (3) and the Superior Court denied the appeal and affirmed his sentence on April 7, 2004. *Commonwealth v. Young*, 616 WDA 2003 (Pa. Super. 2004). Young did not file for allocatur with our Supreme Court . . . .

On April 30, 2004, Young filed a Petition for Post-conviction Relief and a hearing on the Petition was held on October 22, [2004.] On December 15, 2004, the Petition was denied for failure to file a brief and produce evidence in support of his Petition. By order dated January 18, 2005, [the PCRA court] vacated the December 15 Order and granted Young an additional twenty (20) days to file his brief. On July 25, 2005, the [PCRA court] filed an Opinion and Order denying the Petition and no appeal was taken. The [instant] *pro se* Second Petition for Post-Conviction Relief was filed on February 20, 2015 and denied on February 24, 2015.[1]

_____

[1]     There is no notation in the record to suggest that there was a hearing on Young's petition or that the PCRA court sent Young notice of its intention to dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. However, Young has not raised the failure to file a Rule 907 notice, and
*(Footnote Continued Next Page)*

Young filed a timely Notice of Appeal on March 9, 2015 . . . .

PCRA Court Opinion ("P.C.O."), 5/5/2015, at 1-2.

The PCRA court did not order, and Young did not file, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On May 5, 2015, the PCRA court filed a Rule 1925(a) opinion.

Before we can reach the issues Young raises, we must determine whether any court has jurisdiction to entertain them.

> The filing mandates of the PCRA are jurisdictional in nature and are strictly construed. The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary. An untimely petition renders this Court without jurisdiction to afford relief.

***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

The timeliness of a PCRA petition is controlled by statute, which states, in pertinent part:

> **(b) Time for filing petition. –**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or

*(Footnote Continued)* ————————————

therefore, that issue is waived. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013).

laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545.

Young's judgment of sentence became final on or about May 7, 2004 when the time expired for him to seek review of his direct appeal by our Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, Young had until approximately May 7, 2005 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). The instant PCRA petition was filed on February 20, 2015, almost ten years after the judgment of sentence became final; the petition facially was untimely.

However, we will review a facially untimely petition if the petitioner has pled and proven that one of the exceptions applies. The petitioner bears

- 4 -

the burden of proving that an exception applies. ***Commonwealth v. Garcia***, 23 A.3d 1059, 1062 (Pa. Super. 2011).

Young pled that the newly recognized, and retroactively applied, constitutional right exception, 42 Pa.C.S.A. § 9545(b)(1)(iii) applied. However, Young did not specify what new constitutional right was created and nothing in his brief relates to a new constitutional right. Although he has pled an exception, Young has not proven that it provides relief to the jurisdictional time bar.

However, Young asserts actual innocence, which he claims is non-waivable and equitably tolls the timeliness requirements.[2] PCRA Petition, 2/20/2015, at 3. Our Supreme Court has held that:

> [T]he period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only to the extent that the PCRA permits it to be extended, *i.e.,* by operation of one of the statutorily enumerated exceptions to the PCRA time-bar.

***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004) (citation and quotation marks omitted). Because Young has not proven one of the

---

[2] Young cites federal case law interpreting the Antiterrorism and Effective Death Penalty Act ("AEDPA") for the principle that equitable tolling is available. However, federal decision do not control our interpretation of the PCRA. ***See Commonwealth v. Fahy***, 737 A.2d 214, 221 (Pa. 1999) (stating "decisions of our federal brethren are not binding on this court" especially when the federal court "was not interpreting the PCRA, but was addressing a federal statute").

exceptions and equitable tolling is unavailable, Young's PCRA petition was untimely, and the PCRA court lacked jurisdiction to consider its merits.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/11/2015